IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COUNTRYWIDE HOME LOANS MORTGAGE CORPORATION, as servicing agent for bank of New York as trustee for the certificate holders of asset-backed certificates, series 2003-3 and MERS,<br><br>    Plaintiff<br><br>vs.<br><br>ENRIQUE DEL VALLE RODRIGUEZ, et al.,<br><br>    Defendants | CIVIL NO. 05-1652 (JP) |

**FINAL JUDGMENT**

Upon Plaintiff's "Motion for Judgment" (**docket No. 6**), and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against Defendants for their failure to plead or file an answer to the complaint, or otherwise appear in the above cause, against which Plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.   The mortgage constituted by Defendants by deed number 583, before Notary Public Pedro J. Díaz García, at Guaynabo, Puerto Rico, on September 15th, 2000 securing a mortgage note payable to the order of Pan American Financial Corporation, further negotiated or endorsed to the order of Plaintiff, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendants in

CIVIL NO. 05-1652 (JP)				2

the above cause, on the mortgaged premises, as described in paragraph seventh of the complaint on file in the above cause, to wit:

> ---URBANA: Solar Número TRES (3) del Bloque "S" de la URBANIZACIÓN EXTENSIÓN VILLA RICA, en el Barrio Hato Tejas de Bayamón, Puerto Rico con un área superficial de 350.00 metros cuadrados. En lindes: por el NORTE, en 14.00 metros, con el Solar #24; por el SUR, en 14.00 metros, con la Calle #11; por el ESTE, en 25.00 metros, con el Solar #4; y por el OESTE, con el Solar #24. Enclava Edificación.
>
> ---Inscrita al Folio 96 del Tomo 357 de Bayamón. Registro de la Propiedad de Puerto Rico, Sección Primera de Bayamón. Finca 15,863.

    2.   Defendants, as debtors under the said note and as present owners of the land and buildings hereinbefore referred to, are hereby ordered and adjudged to pay unto Plaintiff the sum of $107,121.87 of principal of the said mortgage note, plus interest at the rate of 8% per year, which at the date of October 31st, 2005 amount to the sum of $7,855.65, to its total and complete payment, plus costs, charges, disbursements and attorneys' fees, in the above cause, plus all expenses and advances made by the Plaintiff.

    3.   In default of the payment of the sums herein before specified or of any part thereof, within the next ten days from the date of entry of this judgment, the mortgaged property described in paragraph one hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

    4.   US MARSHALL is hereby designated and appointed to make the sale hereinbefore mentioned but said US MARSHALL shall not proceed to carry out the said sale, nor do anything in connection therewith,

CIVIL NO. 05-1652 (JP)            3

until further order of this Court and under the form and conditions to be directed by the Court.

    5.   The sale to be made by the US MARSHALL appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $103,221.00.

    6.   Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

        a.   To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the US MARSHALL appointed herein, after said compensation and expenses shall have been fixed and approved by this Court, all said expenses to be deducted from the sum of $10,322.10, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

        b.   To the payment of all expenses and advances made by the Plaintiff for an amount not to exceed $10,322.10.

        c.   To the payment of that part of the indebtedness owed to plaintiff up to the amount of $107,121.87 of principal of the said mortgage note, plus interest at the rate of 8% per year, which at the date of October 31st, 2005 amount to the sum of $7,855.65, to its total and complete payment, plus costs, charges,

CIVIL NO. 05-1652 (JP)              4

            disbursements and attorneys' fees in the amount of $10,332.10, in the above cause, plus all expenses and advances made by the Plaintiff.

    d.    If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

7.   Plaintiff in this proceeding may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this judgment.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 4th day of October, 2005.


                                                S/ Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                U.S. SENIOR DISTRICT JUDGE